### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HENRY LINDSAY,<br><br>          Plaintiff,<br><br>v.<br><br>IRON MOUNTAIN INCORPORATED, and IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, and IRON MOUNTAIN SECURE SHREDDING, INC.,<br><br>          Defendants. | Case No. 5:23-CV-04099 |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

COMES NOW, Defendants Iron Mountain Incorporated, Iron Mountain Management, and LLC, Iron Mountain Secure Shredding, Inc. ("Defendants"), by and through their undersigned counsel, and for their answer to the Complaint of Henry Lindsay ("Plaintiff") states as follows:

**COMPLAINT ¶1:**

The Plaintiff herein is a resident of Shawnee County, Kansas.

**ANSWER:**

Upon information and belief, Defendants admit the allegations of this paragraph.

**COMPLAINT ¶2:**

The Defendant, Iron Mountain Incorporated is a Foreign for Profit corporation operating under and existing under the laws of the State of Kansas and duly operating in and by virtue of the laws of the State of Kansas and may be served with process by serving its Resident Agent in Shawnee County, Kansas.

**ANSWER:**

Defendants admit Iron Mountain Incorporated is a foreign for profit corporation, but denies the remaining allegations of this paragraph.

**COMPLAINT ¶3:**

The Defendant, Iron Mountain Information Management, LLC, is a Foreign Limited Liability Company operating under and existing under the laws of the State of Kansas and duly operating in and by virtue of the laws of the State of Kansas and may be served with process by serving its Resident Agent in Shawnee County, Kansas.

**ANSWER:**

Defendants admit Iron Mountain Information Management, LLC is a foreign limited liability company, but denies the remaining allegations of this paragraph.

**COMPLAINT ¶4:**

The Defendant, Iron Mountain Secure Shredding, Inc., is a Foreign for Profit corporation operating under and existing under the laws of the State of Kansas and duly operating in and by virtue of the laws of the State of Kansas and may be served with process by serving its Resident Agent in Shawnee County, Kansas.

**ANSWER:**

Defendants admit Iron Mountain Secure Shredding, Inc. is a foreign for profit corporation, but denies the remaining allegations of this paragraph.

**COMPLAINT ¶5:**

That at all times mentioned herein and material hereto, the Plaintiff was employed by the Defendants listed in paragraphs 2-4 located in Shawnee County, Kansas, as a driver.

**ANSWER:**

Defendants admit Plaintiff was employed in Shawnee County, Kansas as a driver, and admits he was employed by Defendants. Defendants deny the remaining allegations of this paragraph.

305862273v.4

-3-

**COMPLAINT ¶6:**

The Court has subject matter jurisdiction over the claims raised herein, and the Court may exercise personal jurisdiction over the Defendants.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## COUNT I: KANSAS WAGE PAYMENT ACT

**COMPLAINT ¶7:**

Plaintiff incorporates by reference the above paragraphs numbered 1 through 6 as though fully set forth herein.

**ANSWER:**

Defendants incorporate their answers to paragraphs 1 through 6 as though fully stated herein.

**COMPLAINT ¶8:**

Defendants, by themselves and through their instrumentalities, own and operate several storage and information management facilities and services.

**ANSWER:**

Defendants admit the allegations of this paragraph.

**COMPLAINT ¶9:**

In connection with the operation of said storage and information management facilities and services, Defendants employ thousands of employees.

**ANSWER:**

Defendants admit the allegations of this paragraph.

**COMPLAINT ¶10:**

Defendants have a policy, practice, and/or procedure of suffering or permitting its employees to work without compensation. Specifically, Defendants fail to compensate driver employees for all wages due. Defendants have a policy and/or practice of permitting or suffering employees to work under the impression they will be making a specific rate of pay and then unlawfully withholding said wages that are due to the employee.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶11:**

Defendants' policy, practice, and/or procedure results in substantial underpayment of wages to Plaintiff by denying compensation that is owed.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶12:**

Defendants are subject to the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. The KWPA allows wage suits to be brought against "employers," which are defined to include "individual, partnership, association, joint stock company, trust, corporation, limited liability company or other organization." K.S.A. §44-313(a).

**ANSWER:**

Because this paragraph merely states what purports to be statements of law, no response is required. To the extent a response is required, Defendants admit the KWPA applies to them, but denies they violated this statute and denies deny any remaining allegations in this paragraph.

**COMPLAINT ¶13:**

At all relevant times, Defendants have employed, and continue to employ, "employee[s]" within the meaning of the KWPA, which at all times herein included Plaintiff. K.S.A. §44¬313(b).

**ANSWER:**

Defendants admit the allegations of this paragraph.

**COMPLAINT ¶14:**

The KWPA requires employers to pay to employees "all wages due" at least once per month, on regular paydays. K. S.A. §44-314(a).

**ANSWER:**

Defendant admits that Plaintiff has correctly recited a portion of the statute, but Defendants deny they violated that statute and deny any remaining allegations in this paragraph.

**COMPLAINT ¶15:**

Defendants have and have had significant managerial control over the operations, policies, practices, and/or procedures regarding the employment of Plaintiff, including the authority to determine and enforce compensation policies.

**ANSWER:**

Defendants admit the allegations of this paragraph.

**COMPLAINT ¶16:**

The unlawful withholding of wages was willful.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶17:**

Plaintiff has been damaged by Defendants' unlawful withholding of wages.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶18:**

Defendants' failure to pay Plaintiff all wages owed to him was willful and in violation of the KWPA.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶19:**

On or about November 3, 2021, in response to Plaintiff's complaints and objections regarding Defendants' unlawful wage practices, Defendants abruptly terminated Plaintiffs employment in retaliation for pursuing his rights under the KWPA.

**ANSWER:**

Defendant admits it terminated Plaintiff's employment on or about November 3, 2021, but denies that conduct was retaliatory or in violation of the KWPA and denies all remaining allegations of this paragraph.

**COMPLAINT ¶20:**

That as a direct and proximate result of the Defendants' wrongful conduct against the Plaintiff, the Plaintiff has been caused to suffer damages in excess of $75,000.00, representing lost wages and liquidated damages under the KWPA, front pay, back pay, compensatory damages, prejudgment interest, post judgment interest, attorneys fees, costs, and such other and further relief as the Court may order.

**ANSWER:**

Defendants admit the Plaintiff asserts a claim for damages in excess of $75,000, but denies any wrongdoing and denies all remaining allegations of this paragraph.

## COUNT II: BREACH OF CONTRACT

**COMPLAINT ¶21:**

Plaintiff incorporates by reference the above paragraphs numbered 1 through 20 as though fully set forth herein.

**ANSWER:**

Defendants incorporate their answers to paragraphs 1 through 20 as though fully stated herein.

**COMPLAINT ¶22:**

Plaintiff and Defendants were parties to a contract of employment and entered into said contract of employment in July 2019. The terms of the contract consisted, among other things, of the following:

   a.   That Plaintiff would perform the position of "warehouse courier" beginning July 2019;

   b.   That Plaintiff would be compensated $16.50 per hour.

**ANSWER:**

Defendants admit they hired Plaintiff in July 2019 as a warehouse courier. Defendants deny the remaining allegations of this paragraph.

**COMPLAINT ¶23:**

However, in approximately August 2021, Plaintiff and Defendants altered the terms of Plaintiffs contract of employment when Defendants changed Plaintiff's position to that of "MSU

-6-

-7-

Shred Truck Driver" accompanied by a raise in pay to a range between $17.00 and $19.00 per hour.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶24:**

Defendants breached the contract in the following material particulars:

a. Requiring, permitting, and benefitting from Plaintiff engaging in the activities and responsibilities of a "Shred Truck Driver" and performing the position of a "Shred Truck Driver" without due and agreed upon compensation.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶25:**

By requiring and permitting Plaintiff to engage in the above-referenced compensable activities without due and agreed upon compensation, Defendants have breached the contract of employment entered into between Plaintiff and Defendants.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶26:**

That as a direct and proximate result of the Defendants' wrongful conduct against the Plaintiff, the Plaintiff has been caused to suffer damages in excess of $75,000.00, representing front pay, back pay, compensatory damages, prejudgment interest, post judgment interest, attorneys fees, costs, and such other and further relief as the Court may order.

**ANSWER:**

Defendants admit the Plaintiff asserts a claim for damages in excess of $75,000, but denies

any wrongdoing and denies all remaining allegations d of this paragraph.

### COUNT III: QUANTUM MERUIT

**COMPLAINT ¶27:**

Plaintiff incorporates by reference the above paragraphs numbered 1 through 26 as though fully set forth herein.

**ANSWER:**

Defendants incorporate their answers to paragraphs 1 through 26 as though fully stated herein.

**COMPLAINT ¶28:**

Plaintiff relied on the promises made by Defendants pursuant to the contract of employment and subsequent promise to pay Plaintiff at the standard rate of pay for "Shred Truck Drivers" entered into between Plaintiff and Defendants.

**ANSWER:**

Defendants are without information sufficient to form a belief as to the truth or falsity of Lindsay's mental processes. Defendants deny the remaining allegations of this paragraph.

**COMPLAINT ¶29:**

By requiring and permitting Plaintiff to engage in the above-referenced compensable activities contrary to the contract of employment, Defendants benefitted from those activities without compensating Plaintiff for the services he rendered.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶30:**

By requiring and permitting Plaintiff to engage in the above-referenced compensable activities contrary to the contract of employment, Defendants had an appreciation and/or knowledge of the benefit being conferred onto Defendants.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶31:**

Plaintiff is entitled to the reasonable value of the services that Plaintiff performed at Defendants' benefit for which Plaintiff has not yet been compensated.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶32:**

Any acceptance and/or retention by Defendants of the benefit generated by Plaintiff's engagement in the above-referenced compensable activities without due compensation would be inequitable.

**ANSWER:**

Defendants deny the allegations of this paragraph.

**COMPLAINT ¶33:**

That as a direct and proximate result of the Defendants' wrongful conduct against the Plaintiff, the Plaintiff has been caused to suffer damages in excess of $75,000.00, representing front pay, back pay, compensatory damages, prejudgment interest, post judgment interest, attorneys fees, costs, and such other and further relief as the Court may order.

**ANSWER:**

Defendants admit the Plaintiff asserts a claim for damages in excess of $75,000, but denies any wrongdoing and denies all remaining allegations of this paragraph. .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Henry Lindsay, prays for judgment against the Defendants, as follows:

A. Entry of judgment in favor of Plaintiff against Defendants on all claims for relief;

B. An order awarding Plaintiff damages he has sustained as a result of Defendants' willful violations of KWPA;

C. An order awarding Plaintiff damages he has sustained as a result of Defendants' breach of contract in an amount according to proof;

D. An order of restitution in the amount equal to the reasonable value of the services that Plaintiff provided to Defendants' benefit and that were required and permitted by Defendants for which Plaintiff has not been compensated;

E. An order enjoining Defendants, its officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with Defendants, from continued acts in violation of the KWPA and in breach of the parties' written agreements;

F. An order awarding prejudgment interest at the statutory rate from the time payments came due; and

-10-

G.   Any and all other legal and equitable relief as may be available under law that the Court may deem proper.

**ANSWER:**

Defendants acknowledge Plaintiff seeks the relief outlined in the "Prayer For Relief," but denies that they engaged in any wrongdoing that would result in liability against Defendants or that Plaintiff is entitled to any relief whatsoever.

305862273v.4

-11-

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of production or proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Defendants' investigation into the allegations made in Plaintiff's Complaint are ongoing. As such, Defendants reserve the right to amend this Answer should Defendants discover later facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

Defendants acted in good faith and had reasonable grounds for believing that they acted properly in its pay practices with respect to Plaintiff.  Therefore, Plaintiff may not be awarded liquidated damages.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under Kansas law.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

305862273v.4

Dated: November 7, 2023

Respectfully submitted,

IRON MOUNTAIN INCORPORATED, IRON MOUNTAIN INFORMATION MANAGEMENT, LLC, and IRON MOUNTAIN SECURE SHREDDING, INC.

By: */s/ Caroline Gurney*
    Isaac Keppler KS#25843
    Caroline Gurney KS#26868
    Colantuono Guinn Keppler LLC
    7015 College Blvd. Suite 375
    II Park Renaissance
    Overland Park, Kansas 66211
    ik@ksmolaw.com
    cg@ksmolaw.com
    Telephone: (913)-345-2555
    Facsimile: (913) 345-2557

    Noah A. Finkel
    nfinkel@seyfarth.com
    Kyla J. Miller
    kjmiller@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive, Suite 8000
    Chicago, Illinois 60606-6448
    Telephone: (312) 460-5000
    *Pro hac vice applications to be filed.*

    *Attorneys for Defendants*
    *Iron Mountain Incorporated, Iron Mountain Information Management, LLC, and Iron Mountain Secure Shredding, Inc.*

305862273v.4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2023, I caused the foregoing to be filed using the Court's CM/ECF method, and, in addition, caused all counsel of record to be served via email:

>Bruce Alan Brumley, #16066
>Chloe Elizabeth Davis, #28517
>2348 Topeka Boulevard #201
>Topeka, KS 66611
>bruce@brucebrumleylaw.com
>chloe@brucebrumleylaw.com

*Attorneys for Plaintiff*

*/s/ Caroline Gurney*
Caroline Gurney

305862273v.4